(No. 3537—)

JOHN J. BRADECICH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, John J. Bradecich, contracted typhoid fever on August 13, 1939, while in the employ of the respondent as an attendant at the Manteno State Hospital. He had worked for respondent continuously for more than one year prior to his illness at a salary of $87.00 per month.

Claimant was hospitalized at the institution. During his illness, through an error of an employee of the hospital, he was given West Pine Disinfectant instead of West Pine Cough Medicine. As a result, claimant's left larnyx is sealed, there are adhesions and scar tissue in the throat, and he is able to speak only in a whisper. Claim is made that, as a result of his illness, claimant also suffered a partial loss of use of his left leg.

Claimant was totally disabled from August 13, 1939, to March 22, 1940, during which period of time he was paid compensation in the amount of $460.58. He was subsequently disabled from April 9, 1940, to June 12, 1940, during which time he was paid compensation in the amount of $132.30, making total payments on account of temporary disability in the amount of $592.88. Upon

his return to work, claimant received the same salary which he had received prior to his illness. He is now working at the Elwood Ordnance Plant at a salary of $52.00 per week.

No claim is made for temporary total disability, and there is no proof of any medical, surgical or hospital services rendered claimant other than those furnished by the respondent. Claimant seeks an award for $5,000.00 and pension for life.

At the time of his illness, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the illness and claim for compensation were made within the time provided by the Act. Claimant had no children under sixteen years of age. It is stipulated that a typhoid fever epidemic existed at the Manteno State Hospital from July 10, 1939, to December 10, 1939. The typhoid fever contracted by the claimant was accidental, arose out of and in the course of his employment as an attendant at the Manteno State Hospital, and any injury arising therefrom is compensable under the provisions of the Workmen's Compensation Act. (*Ade* vs. *State,* No. 3429, decided at the September, 1943, term of this court.)

The claim for a partial loss of use of claimant's left leg, however, is not sustained by the evidence. Proof as to that portion of the claim is wholly inadequate. Claimant has sustained an injury to his throat and voice, but the Workmen's Compensation Act contains no specific provision for compensation of that type of injury. The only applicable provision of the Act is Section 8(d), which provides that an employee partially incapacitated from pursuing his usual and customary line of employment may receive compensation, subject to certain limitations, equal to fifty per cent of the difference between the

average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. The proof in this case shows that the claimant immediately subsequent to his illness was employed with no change in salary, and that claimant more recently was employed at a salary in excess of that which he earned at the time of his illness. He is therefore not entitled to an award.

Award denied.